**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3717

_____

UNITED STATES OF AMERICA

v.

MARLON GRAHAM
a/k/a Marlan Graham,
          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-12-cr-00418-002
District Judge: The Honorable Juan R. Sanchez

_____

Argued February 29, 2016

Before: McKEE, *Chief Judge*, SMITH, and HARDIMAN, *Circuit Judges*

(Opinion Filed:  May 5, 2016)


Eric B. Henson                    **[ARGUED]**
Robert Zauzmer
Virginia P. Pratter
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA  19106
          *Counsel for Appellee*

Coley O. Reynolds
Omnis Law Group
Suite 1210
1515 Market Street
Philadelphia, PA 19102
    *Counsel for Appellant*

———————————

OPINION[*]

———————————

SMITH, *Circuit Judge.*

This appeal stems from a stash-house robbery sting operation that took place in Philadelphia from June to July of 2012. Of the eight individuals caught in the operation, three pled guilty prior to trial.[1] Following their convictions in a joint trial, the remaining five,[2] including Appellant Marlon Graham, filed separate appeals, each contesting various issues relating to their convictions (and, for some,

———————————

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] These were Najee Murray, Lafayette Rawls, and Jamie Dales.

[2] Graham's co-defendants at trial were Kareem Long, Kenneth Parnell, Frank Thompson, and Robert Lamar Whitfield. Separate opinions resolving each co-defendant's appeal have been, or will be, filed. *See United States v. Long*, No. 14-3703; *United States v. Thompson*, No. 14-4512; *United States v. Whitfield*, No. 14-3345; *United States v. Parnell*, No. 14-4100.

their sentences).  For the reasons explained below, we will uphold Graham's convictions and corresponding sentence.

## I.

In June of 2012, a confidential informant (CI) contacted Robert Lamar Whitfield and asked him for help getting in touch with a mutual acquaintance so that the CI could invite the acquaintance to rob a drug stash house.  Whitfield instead volunteered to take care of the robbery himself, claiming that he had significant experience robbing stash houses in the past.  The CI then put Whitfield in touch with the CI's "uncle," who turned out to be an undercover agent for the Bureau of Alcohol, Tobacco, and Firearms (ATF).  Whitfield met with the agent on several occasions to discuss the robbery.  To facilitate the crime, Whitfield recruited others, including Graham, to join in the scheme, and some of these in turn recruited others.

Plans came to a head on July 18 when Graham and seven others met with the undercover agent in the parking lot of a Hilton Hotel where the agent once again told those present about the robbery, including that he expected ten kilograms of cocaine to be inside the stash house, and that he expected the house to be guarded by two men, one with a pistol and the other within reach of an assault-style rifle. The agent then made clear that any who wished to withdraw should do so at that time.  After no one expressed hesitation about the plan, the group proceeded to a

junkyard, presumably to check out a van that the agent was to have rented for use during the robbery. There, the group continued making preparations for the robbery, with several individuals arranging and inspecting firearms and distributing gloves to all present. At the undercover agent's signal, law enforcement officials swarmed the yard and arrested the group.

A grand jury returned an indictment charging each of the co-conspirators with multiple inchoate Hobbs Act robbery and drug distribution offenses, as well as with the crime of carrying a firearm during and in relation to a crime of violence or a drug trafficking crime. Additionally, Long, Thompson, and Dales were charged with being felons in possession of a firearm, though Long and Thompson were both acquitted at trial on this count. The jury convicted Graham and the four other defendants on all counts for which they were mutually charged. Graham was subsequently sentenced to 188 months in prison. He then timely filed this appeal.[3]

## II.

Graham argues on appeal that there was insufficient evidence presented at trial to support his convictions on the conspiracy charges. We review a challenge to the sufficiency of the evidence "from the perspective of a reasonable juror."

---

[3] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc).

We must uphold the jury's verdict "as long as it does not 'fall below the threshold

of bare rationality.'" *Id.* (quoting *Coleman v. Johnson*, 132 S.Ct. 2060, 2065

(2012)). To convict someone of a conspiracy crime, the jury must find the

following elements: "(1) a shared unity of purpose; (2) an intent to achieve a

common illegal goal; and (3) an agreement to work toward that goal." *Id.* at 425.

Importantly, the prosecution need not adduce any direct evidence to prove intent;

circumstantial evidence may suffice. *Id.* at 431.

In urging that there was insufficient evidence to convict on the conspiracy

counts, Graham claims that he could not have been a member of the conspiracy

because Whitfield had already planned the robbery in conjunction with the

undercover agent and the confidential informant before Graham agreed to assist.

Id. at 45. Of course, a conspiracy is an agreement between two or more people to

commit a crime.[4] *United States v. Davis*, 183 F.3d 231, 244 (3d Cir. 1999) ("A

conspiracy requires agreement between at least two people to the illegal object of

the conspiracy."). Thus, as long as Graham agreed with the others to try to

---

[4] In his brief Graham states that "[w]hile he may have agreed to participate in the crime, he did not agree, nor did he participate in a criminal conspiracy." Unless we misunderstand the thrust of this assertion, Graham appears essentially to be admitting his guilt, since "agree[ing] to participate in the crime" is the same as "agree[ing]" to "participate in a criminal conspiracy."

accomplish the object of the conspiracy (robbing the stash house) – and there was ample evidence that he did, in fact, so agree – it is entirely irrelevant that the conspiracy was well underway by the time Graham joined it. *See United States v. Boyd*, 595 F.2d 120, 123 (3d Cir. 1978) ("Parties may join [a] conspiracy after its inception.").

We conclude, therefore, that the evidence of Graham's guilt on the conspiracy charges was sufficient to support the jury's verdict. [5]

## III.

We will affirm the District Court's judgment and sentence as to Graham.

---

[5] Graham raises several other issues on appeal that some or all of his co-defendants have also raised. First, he claims that the District Court should have dismissed the indictment – or, in the alternative, granted the defendants' motion for acquittal – because the fictitious stash-house robbery could not possibly "affect[] commerce" as required for conviction under the Hobbs Act, 18 U.S.C. § 1951(a), and that the District Court erred (i) by not allowing him to contest during closing statements the government's ability to prove an effect on commerce, and (ii) by preventing him from cross-examining the government's drug expert regarding the sting operation's lack of actual effect on interstate commerce. Second, Graham argues that the District Court should have granted the motion for discovery to pursue a claim of selective enforcement. Third, he claims the District Court erred in denying his and his co-defendants' motion to dismiss the indictment based on "outrageous government conduct." Fourth and finally, he claims he was the victim of sentencing entrapment and sentencing factor manipulation. We rejected these or very similar arguments in *United States v. Whitfield*, No. 14-3345, and do so here for the same reasons expressed in that opinion.